UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YEHIA ZAKARIA ABDELALIM MOSTAFA,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>U.S. SECURITIES AND  )<br>EXCHANGE COMMISSION,  )<br>)<br>Respondent.  ) | Civil Action No. 1:24-cv-00164 (UNA) |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has filed a petition for mandamus ("Pet."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss this action for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Petitioner, a citizen of the United Arab Emirates, brings this case as a whistleblower, *see* Pet. at 6, 8–9, 11, 18–21, and asks the court to issue a writ of mandamus directing the Securities and Exchange Commission ("SEC") "to take enforcement action against . . . repeated FCPA [Foreign Corrupt Practices Act] violator[,]" his former employer, "Amgen Saudi Arabia, a publicly held Company on Wall Street through their official Contractor Cigalah," *see id*. at 3–4, 10–11, 20–21. Petitioner alleges that Amgen committed myriad "ethical, managerial, and financial violations" under the Foreign Corrupt Practices Act of 1977 ("FCPA"), 5 U.S.C. §§ 78dd-1 *et seq*.. See id. at 4, 6, 9–11, 17–20.

First, in federal courts such as this, a petitioner "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. Here, the United States is "the real party in

interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015); therefore, the "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").

Indeed, it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Second, even if petitioner could bring this case as a whistleblower, he has not stated a claim for mandamus.  A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361.  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  A petitioner may bring a mandamus action only if (1) he has a clear right to relief; (2) the respondent has a clear duty to act; and (3) he has no other adequate remedy, *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014).  Here, petitioner fails to address, let alone meet, these elements, and thus fails to meet his burden.  Additionally, "[i]t is well-settled

that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  To that end, a petitioner may not compel a criminal investigation by any law enforcement agency by filing with a federal court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Third, petitioner faces a fundamental jurisdictional defect because the FCPA does not provide a private right of action.  *See Republic of Iraq v. ABB AGE*, 768 F.3d 145, 169–71 (2nd Cir. 2014), *cert. denied*, 576 U.S. 1028 (2015); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1027–30 (6th Cir. 1990), *cert denied*, 498 U.S. 1086 (1991); *Scientific Drilling Intern., Inc. v. Gyrodata Corp.*, Nos. 99-1077, 99-1084, 1999 WL 674511, at *3–*4 (Fed. Cir. Aug. 30, 1999). And "mandamus is proper only when there is an independent basis for jurisdiction and a 'clear and indisputable' right to relief." *Fresno Comm. Hosp. & Med. Cntr. v. Cochran*, 987 F.3d 158, 163 (D.C. Cir. 2021) (quoting *In re al-Nashiri*, 791 F.3d 71, 75, 78 (D.C. Cir. 2015)); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004)); *see Mead Corp. v. United States*, 652 F.2d 1050, 1052 (D.C. Cir. 1981) (holding that the Mandamus Act does not provide an independent basis of federal jurisdiction) (citing 28 U.S.C. § 1361) (other citations and footnote omitted); *West v. Jackson*, 538 F. Supp. 2d 12, 21–22 (D.D.C. 2008) (same) (citing *Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996)).

For all of these reasons, this case is dismissed without prejudice. petitioner's motion to appear remotely, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge